IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MATTHEW BARRINGTON GWYN,

      Petitioner,

v.                                     CIVIL ACTION NO. 2:11cv104
                                              (Judge Bailey)

TIMOTHY STEWART,

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 12, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee. The petitioner is a federal inmate housed at FCI Morgantown and is challenging the validity of his sentence imposed by the United States District Court for the District of South Carolina. This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

The petitioner and four co-defendants were charged with being members of a drug related conspiracy. In February of 2010, the petitioner entered a guilty plea to the lessor included offense of Count 1 (conspiracy to possess with intent to distribute 5 grams or more of crack cocaine and 500 grams or more of cocaine). He was allowed to continue on bond. While on bond awaiting sentencing, the petitioner was arrested by the South Carolina Highway Patrol for driving under the influence, open

---

[1] The recitation of the factual history of the petitioner's conviction and sentence is taken from an Order entered by the sentencing court on January 23, 2012 available on Pacer. See 3:09-cr-00501-JFA (Entry Number 1604).

1

container, and hit and run – striking fixtures on the highway. Those charges all arose from a traffic accident involving the petitioner in which he drove his truck into a ditch and struck a highway fixture. After the state charges were brought, the petitioner was again released on bond for those state charges.

Because of the state law charges, the petitioner's federal bond was revoked, and he was remanded into custody. The petitioner requested a hearing and a bond revocation/forfeiture estreatment hearing was held by the District Court for South Carolina in August of 2010. The court found that the petitioner had violated the conditions of his federal bond and ordered the bond estreated in the amount of $1,000.00.

In October of 2010, the petitioner was sentenced by the District Court of South Carolina to a term of seventy-eight (78) months. At the sentence hearing, the petitioner raised two objections to the Presentence Report ("PSR"). First, he challenged the probation officer's failure to give him a reduction in his offense level for acceptance of responsibility. He also filed a variance motion. Central to the issue of acceptance of responsibility were the then-pending state traffic violations against the petitioner. Ultimately, the District Judge did not hold him accountable for driving under the influence or other major violations and simply determined that he had left the scene of an accident, a violation of state law. However, that fact alone was sufficient to deny the petitioner a reduction for acceptance of responsibility.

After the District Court for South Carolina sentenced the petitioner, the State of South Carolina nolle prossed the three misdemeanor magistrate level charges. Thereafter, the petitioner filed a motion for the issuance for the writ of audita querela, pursuant to the All Writs Act, 28 U.S.C. § 1651(a). In his motion, the petitioner argued that because the state misdemeanor charges had been dismissed, he should be sentenced anew and without an enhancement. On January 23, 2012, that motion was denied.

In this Court, the petitioner attacks the validity of his sentence via a § 2241 petition which was

filed before the South Carolina District Court denied his Motion for the issuance of a writ of audita querela. However, the petitioner advances the same argument. Specifically, he argues that because the state charges were dismissed on April 28, 2011, this Court should remand his case "for consideration of whether to reevaluate [his] sentencing guideline range with a three point reduction for acceptance of responsibility." (Dckt.# 1, p. 7.)

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the

3

> Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner, in effect, alleges that he is actually innocent of the offenses which were used to deny him a reduction for acceptance of responsibility. However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[2] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Moreover, even if this Court were inclined to believe that the petition had substantive merit, it is pertinent to note that the sentencing court has already considered thoroughly the substance of the petitioner's allegations. Additionally, the order denying the petitioner's motion by the District Court of South Carolina is currently pending on a Motion for Reconsideration filed by the petitioner on

---

[2] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F.3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

4

February 9, 2012.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: February 29, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE