IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

MATTHEW BARRINGTON GWYN,

    Petitioner,

v.                                                       Civil Action No. 2:11-CV-104
                                                          (Bailey)

WARDEN TIMOTHY STEWART,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on February 29, 2012 [Doc. 8]. In that filing, the magistrate judge recommended that this Court deny the petitioner's Petition for Writ of Habeas Corpus [Doc. 1] with prejudice [Doc. 8 at 5].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within

fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that service was accepted on March 5, 2012 [Doc. 9]. The petitioner timely filed his objections on March 13, 2012 [Doc. 10]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

### I. Factual and Procedural History

Based upon the information contained in an order issued by the sentencing court, the petitioner was charged with being a member of a drug-related conspiracy [United States District Court for the District of South Carolina ("D.S.C."), 3:09-cr-501, Doc. 1604 at 1]. The petitioner entered a guilty plea to the lesser included offense of Count I (conspiracy to possess with intent to distribute 5 grams or more of crack cocaine and 500 grams or more of cocaine) [*Id.*]. While he was on bond and awaiting sentencing in the matter before the D.S.C., the petitioner was in a traffic accident [*Id.* at 1-2]. The petitioner drove his truck into a ditch and struck a highway fixture [*Id.* at 2]. The responding police officer discovered the abandoned truck, with open containers of beer in plain view inside the vehicle [*Id.*]. As a result of the accident, the South Carolina Highway Patrol arrested the petitioner for driving under the influence, open container, and hit and run [*Id.* at 1].

The petitioner was remanded into custody after his federal bond was revoked based upon the state law charges [D.S.C., 3:09-cr-501, Doc. 1604 at 1]. During a bond revocation/forfeiture/estreatment hearing, the D.S.C. determined that the petitioner violated his federal bond and ordered the bond revoked, forfeited, and estreated in the amount of $1,000 [*Id.* at 2; *see also* D.S.C., 3:09-cr-501, Doc. 1147]. The petitioner was sentenced by the D.S.C. in October 2010 [D.S.C., 3:09-cr-501, Doc. 1604 at 3]. The D.S.C. "[did] not

hold [the petitioner] accountable for driving under the influence or other major violations and simply determined that he had left the scene of an accident, a violation of state law," which was sufficient to deny the petitioner a reduction for acceptance of responsibility [*Id.*]. After the sentencing, the three state misdemeanor magistrate level charges were nolle prossed [*Id.*]. The petitioner filed a motion for a writ of audita querela with the D.S.C., arguing that he should be resentenced as a result of the dismissal of the state charges against him; the D.S.C. denied the motion on January 23, 2012 [*Id.* at 3-4].

The petitioner, who is serving his sentence at FCI Morgantown, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 with this Court [Doc. 1] on December 12, 2011. The petitioner advances the same argument that his sentence is not valid because he should have been given the reduction for acceptance of responsibility based upon the dismissal of the state charges against him [*Id.* at 7; Doc. 1-1 at 1]. The petitioner specifically states that he requests this Court to "direct the [D.S.C.] to remand for resentencing for consideration of whether to recalculate [the petitioner's] sentencing guideline range with a three point reduction for acceptance of responsibility" [Doc. 1 at 7].

## II.  Applicable Law

Individuals convicted in federal court are "required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255. **In re Vial**, 115 F.3d 1192, 1194 (4th Cir. 1997). If section 2255 proves "inadequate or ineffective to test the legality of [the] detention," then the petitioner may file a section 2241 writ of habeas corpus. **Id.**, *relying on* 28 U.S.C. § 2255. The Fourth Circuit has ruled that section 2255 is inadequate and ineffective to test the legality of a conviction when three elements have been met. **In re Jones**, 226 F.3d 328,

333-34 (4th Cir. 2000). First, "at the time of the conviction, settled law of [the relevant] circuit or the Supreme Court established the legality of the conviction . . .." *Id.* Second, after the convicted individual has completed his or her appeal and first section 2255 motion, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .." *Id.* Third, the convicted individual "cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.*

### III. Discussion

#### A. Second *Jones* Element

Petitioner filed his objections to the magistrate judge's R&R on March 13, 2012 [Doc. 10]. The R&R concluded that the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and that the "crimes for which the petitioner was convicted remain criminal offenses," making it impossible for the petitioner to meet the second *Jones* requirement [Doc. 8 at 4]. In his objections, petitioner argues that he meets the second *Jones* element [Doc. 10 at 2-3]. The petitioner argues that "the post-sentencing dismissal of the state law charges which principally formed the basis of his criminal history . . . rendered the application of the Sentencing Guidelines as being ***not criminal***" [*Id.*]. The petitioner also argues that "the dismissal of his state law charges, by definition, establishes his actual innocence of these charges" [*Id.* at 3, n.2].

A petitioner must establish that he or she is entitled to review under section 2241 before he or she may raise an actual innocence claim. ***Bousley v. United States***, 523 U.S. 614, 623 (1998). In this case, the petitioner cannot establish that section 2255 is an inadequate remedy. Without addressing the first and third *Jones* requirements, this Court

4

finds that the petitioner has not demonstrated the second requirement that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .." Without meeting this second requirement, the petitioner cannot fulfill the *Jones* requirements, even if he were able to meet the other two requirements. Because the petitioner does not fulfill the *Jones* requirements, he has not demonstrated that section 2255 is inadequate and ineffective to test the legality of a conviction. *See Vial*, 115 F.3d at 1194; 28 U.S.C. § 2255(e). Therefore, this Court finds that petitioner's Petition for Writ of Habeas Corpus Pursuant to 18 U.S.C. § 2241 [Doc. 1] should be denied and hereby **OVERRULES** the petitioner's objection.

B.  Writ of Audita Querela

In his objections, the petitioner states that the D.S.C.'s denial of his Petition for a Writ of Audita Querela "should not interfere with this Court's decision" and he "should not be prejudiced by his right to pursue . . . alternative remedy 'routes'" [Doc. 10 at 3]. This objection appears to be an objection by the following portion of the R&R: "Moreover, even if this Court were inclined to believe that the petition had substantive merit, it is pertinent to note that the sentencing court has already considered thoroughly the substance of the petitioner's allegation. Additionally, the order denying the petitioner's motion by the D.S.C. is currently pending on a Motion for Reconsideration filed by the petitioner on February 9, 2012" [Doc. 8 at 4-5].

Petitioner's objection demonstrates that he has misconstrued this portion of the R&R. This language does not imply that the determination that petitioner failed to demonstrate the second *Jones* element or the recommendation to deny petitioner's § 2241 petition was based upon petitioner's exploration of other legal avenues. Instead, this

5

portion merely states that, with regard to the requested relief to direct the D.S.C. to consider resentencing with the acceptance of responsibility reduction, the D.S.C. has already considered whether to recalculate the petitioner's sentence [*See* D.S.C., 3:09-cr-501, Doc. 1604]. Because petitioner's objection neither accurately reflects the reasoning supporting the magistrate judge's recommendation nor addresses whether petitioner meets the second *Jones* element, this Court hereby **OVERRULES** the petitioner's objection.

### IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the petitioner's Objections **[Doc. 10]** are **OVERRULED**. Accordingly, the petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED**. As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** March 23, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE